AO 106A (08/18) Application for a Warrant by Telephone or Other Reliable Electronic Means

# UNITED STATES DISTRICT COURT
for the
District of New Mexico

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br>THE PROPERTY STANLEY TRAVIS GARCIA,<br>YOB ██/██/1993 | )<br>)<br>) Case No. MR 25-0061<br>)<br>)<br>) |

**FILED**
United States District Court
Albuquerque, New Mexico

Mitchell R. Elfers
Clerk of Court

## APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See attachment A

located in the _____ District of ___New Mexico___, there is now concealed *(identify the person or describe the property to be seized)*:

See attchment B

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
- ☒ evidence of a crime;
- ☐ contraband, fruits of crime, or other items illegally possessed;
- ☐ property designed for use, intended for use, or used in committing a crime;
- ☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 1153 | Offenses committed within Indian Country. |
| 18 U.S.C. § 113 (a)(3) | Assault with a dangerous weapon. |

The application is based on these facts:
See attached affidavit

- ☐ Continued on the attached sheet.
- ☐ Delayed notice of _____ days *(give exact ending date if more than 30 days: _____ )* is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*/s/ Thelma Yellow Kidney*
Applicant's signature

Thelma Yellow Kidney, Special Agent
Printed name and title

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by ___Telephone___ *(specify reliable electronic means)*.

Date: 01/14/2025

*/s/ Steve Yarbrough*
Judge's signature

City and state: Albuquerque

Judge Steven Yarbrough
Printed name and title

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| IN THE MATTER OF THE SEARCH OF:<br><br>THE PROPERTY STANLEY TRAVIS GARCIA, YOB 01/09/1993 | Case No. |
|---|---|

**AFFIDAVIT IN SUPPORT OF AN APPLICATION UNDER RULE 41<br>FOR A WARRANT TO SEARCH AND SEIZE**

I, Thelma Yellow Kidney, of the Bureau of Indian Affairs (BIA) being first duly sworn, hereby depose and state as follows:

**INTRODUCTION AND AGENT BACKGROUND**

1. I make this affidavit in support of an application under Rule 41 of the Federal Rules of Criminal Procedure for a warrant to search property belonging to Stanley T. Garcia (YOB: 1993) to search a black in color, backpack displaying logo Ozark Trail for items related to a crime committed by the suspect and possibly placed in the backpack. The backpack was in the custody of Stanley during the incident and was described by the victim, the backpack was taken into custody by the Bureau of Indian Affairs, Southern Pueblos Agency (SPA) and placed into evidence, in the District of New Mexico.

2. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other law enforcement agents and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter. Additionally, unless otherwise indicated, wherever in this Affidavit I assert that an individual made a statement, that statement is described in substance herein and is not intended to be a verbatim recitation of such

1

statement. Furthermore, unless otherwise indicated, all statements contained in this Affidavit are summaries in substance and in part. The following is true to the best of my knowledge and belief.

## PURPOSE OF THE AFFIDAVIT

3. As set forth herein, there is probable cause to believe that Garcia committed violations of 18 U.S.C. §§ 1153 and 113(a)(3), that being assault with a dangerous weapon. Based upon the investigation there is evidence to believe Garcia used the backpack during the incident. As described in Attachment A, in order to gather evidence further described in Attachment B to compare it with .

## AFFIANT'S RELEVANT TRAINING AND EXPERIENCE

4. I am a Special Agent with the United States (U.S.) Department of Interior (DOI), Bureau of Indian Affairs (BIA), Office of Justice Services (OJS), and have been serving in this capacity since 2018. I am currently assigned to the BIA's Southern Pueblos Agency (SPA) in Albuquerque, New Mexico. My primary investigative responsibilities as an agent include investigating violent crimes occurring within Indian Country such as unattended deaths, aggravated assaults, assaults by strangulation and suffocation, sexual assaults, and arson.

5. I am a graduate of the Federal Law Enforcement Training Center's (FLETC) United States Indian Police Academy (USIPA). I have taken courses about searching property as evidence to a crime and appropriate evidence collection to use later in trial. I have received on the job training from other experienced agents, detectives, Indian Country criminal investigators, and tribal police officers. My investigative training and experience includes, but is not limited to, processing crime scenes, conducting surveillance, interviewing subjects, targets, and witnesses, writing affidavits for and executing search and arrest warrants, examining cellular telephones;

managing confidential human sources and cooperating witnesses/defendants, serving subpoenas, collecting and reviewing evidence, and analyzing public records. Through my training and experience, I am aware individuals may use several items including a backpack to store items before, during and after committing a crime as a direct result the backpack possibly contains items from the incident.

## FACTS AND CIRCUMSTANCES ESTABLISHING PROBABLE CAUSE

6. On November 25, 2024, BIA law enforcement responded to a call for service at 522 Sweetwater Road, Santo Domingo Pueblo, NM 87052, in response to an individual threatened with a deadly weapon. Officer Cory Pinto was the first to respond, finding the victim to be emotionally distraught due to being threatened with a firearm, the suspect was last seen leaving the property southbound and entering the arroyo with the weapon, wearing the dark in color backpack. I was notified on November 25, 2024, and began my investigation.

7. According to witnesses and the investigation thus far, Garcia was seen walking through a private residential property located within the exterior boundaries of the Santo Domingo Pueblo, within Indian Country for purposes of federal law. Resident owner Trina Benavidez-Tsinnisjinnie (hereinafter "Jane Doe") of 522 Sweetwater Road, Santo Domingo Pueblo, NM 87052, was leaving for work and saw Garcia carrying a firearm while walking through the north side of her property. Jane Doe informed Garcia he was on private property. Garcia then pointed the firearm, later determined to be a 12-gauge shotgun, at Jane Doe's dog, "Princess." Garcia told Jane Doe around three to four times that he was going to shoot her dog. Garcia then pointed the firearm up in the air, fired one shot, and pointed the firearm back at Jane Doe. Jane Doe informed Garcia she was going to call the police. Jane Doe was shaken up and fumbled with trying to get her phone to record or take a photo of Garcia. Garcia then stopped

aiming at her and began walking away. Jane Doe followed a short distance behind while keeping distance between her and Garcia.

8. While Garcia was still on Jane Doe's property, Garcia turned around and momentarily pointed the firearm at Jane Doe again. At that time, Jane Doe still could not get her hands to stop shaking to call for law enforcement. She watched Garcia walk off her property southbound, cross the Indian Service Route 88 and down into the arroyo between nearby road and train bridges. She could see that Garcia was still in possession of the backpack before she lost complete sight of him. Jane Doe was finally able to call emergency services and told the dispatcher that she was threatened with a firearm on her property. She also provided a physical description of Garcia, providing that he was wearing a gray hoodie, black jacket over hoodie, blue jeans, was wearing a dark in color backpack, and hat with a logo in front and mesh in the back. She also gave his last known direction of travel.

9. Responding law enforcement officer Cory Pinto made contact with Jane Doe at her residence. Jane Doe was very visibly upset, her hands were shaking, her voice was shaky, and she appeared to be in fear for her life. Jane Doe provided additional information to Officer Pinto. He then left her home in search of the suspect and located Garcia at the Kewa Rail Runner station east of the Sweetwater residence, over 1 mile away. When Officer Pino came upon Garcia, Garcia no longer wore a dark jacket/sweatshirt. Thus, Garcia did not precisely match the description of the suspect given by Jane Doe. However, Officer Pinto eventually detained Garcia, later arresting Garcia on tribal charges. Garcia was not in possession of the firearm and did not provide information on where the firearm was located. He said he was not going to tell anyone where he put the firearm, thereby indirectly confirming he had possessed a firearm prior to his arrest. Officer Pinto located two unfired shot gun arounds in Garcia's front left pants pocket and

secured Garcia's backpack as evidence.

10. Police searched for the firearm, beginning from the Sweetwater residence, in the arroyos, over hills, and in trees and bushes following Stanley's direction of travel east towards Kewa rail runner station, including and up to abandoned buildings leading to the rail runner station located along Indian service route 88. One spent casing was collected from 522 Sweetwater by Officer Pinto; and a second spent casing was collected and secured by Officer Pinto near an arroyo near the rail runner. All spent and unspent ammunition located matched the ammunition in Garcia's possession, all were secured and later placed into evidence by Officer Pinto. On November 26, 2024, the search for the firearm continued with multiple law enforcement officers and a canine specialist. A firearm was found in a large bush located in an arroyo along the same route at approximate GPS coordinates 35.51166, -106.33828. Photos were taken to document the firearm being located. It was seized as evidence. The firearm has no manufacturer or model stamps, but its serial number is L3321631. It is a 12-gauge single shot shotgun. It was found with its muzzle slightly buried in sand around the center of the large overgrown bush. Officer Pinto was wearing gloves while retrieving the firearm. The shotgun's safety was discovered in the "fire" position upon collection. One live round of ammunition was found in the firing chamber and matched the ammunition found in Garcia's possession. The firearm appeared to be in good condition, with only sand on the muzzle. Officer Pinto secured the unspent ammunition on his person and placed the firearm cross bar safety in a "non-firing" position. Officer Pinto returned to the Southern Pueblos Agency where he secured all items: the Firearm and spent and unspent ammunition, into evidence.

11. The backpack was removed from the Santa Fe Adult Detention Facility by BIA Southern Pueblos Agency. Stanley was not given the opportunity to manipulate the backpack

prior to law enforcement removing the backpack from the Santa Fe Adult Detention Facility in the District of New Mexico.

12.  I conducted an interview with Stanley Garcia on December 20, 2024, at the Southern Pueblos Agency, around 1:53 pm. I read Stanley his Miranda rights, Stanley initialed and signed the Miranda Rights BIA Form, a copy of which has been uploaded and a hard copy maintained on file. During the interview, Stanley admitted to consuming around a fifth (750 mL) of alcohol the night before. Stanley admitted to owning the 12-gauge shot gun, leaving his current residence with the shot gun cradled in his arms across this upper body, he wore his backpack, and had a knife when he left 111 Morenci Street, Santo Domingo Pueblo, NM 87052 on foot. Stanley admitted to walking into the arroyo of Gallisteo Creek, fired his firearm in the arroyo stating he was shooting at a coyote, walked the fence line south from his residence where he encountered Jane Doe on her property. Stanley admitted to firing off one round from his shot gun before leaving Jane Doe's property stating he was scared of Trina's dog. Stanley stated he told Trina to get her dog and fired a round into the air, then walked through the tunnel under the highway (Indian Service Route 88), under the train tracks bridge, then hid the firearm in a bush because he didn't want the firearm with him after the incident with Trina. Stanley stated he walked to the Rail runner train station where he was encountered by a BIA Law Enforcement officer asking if he had a firearm in his possession. Stanley told the responding officer he didn't have a firearm. The responding officer checked his backpack, not locating a firearm and left. Upon the return of the responding officer Stanley stated he was placed into handcuffs and arrested. He further admitted he purposely refused to tell the responding officers the truth when asked if he was in possession of a firearm.

## CONCLUSION

13. Based on the above information, there is probable cause to believe that Garcia committed violations of 18 U.S.C. §§ 1153 and 113(a)(3), assault with a dangerous weapon and that the items sought in this warrant will provide evidence of those violations. Therefore, I am seeking authorization under Rule 41 of the Federal Rules of Criminal Procedure to confirm Stanley removed clothing after the incident and before contact with law enforcement. And to confirm whether additional 12-gauge shot gun shells will be located in the backpack.

14. This affidavit has been reviewed and approved by Supervisory Assistant United States Attorney Alex Flores.

Respectfully submitted,

Thelma Yellow Kidney
Special Agent

Telephonically sworn and electronically signed on January 14, 2025:

STEVEN YARBROUGH
United States Magistrate Judge

7

## ATTACHMENT A

### PROPERTY TO BE SEARCHED

Black in color backpack displaying a logo of "Ozark Trails." The property is currently being held at the Southern Pueblos Agency, 4505 Columbine Ave NE, Albuquerque, NM 87113, in the State and District of New Mexico.



1

## ATTACHMENT B

PROPERTY TO BE SEIZED BY THE GOVERNMENT

The following material, which constitutes evidence of the commission of a criminal offense, namely violations of 18 U.S.C. §§ 1153 and 113(a)(3), that being assault with a dangerous weapon in Indian Country:

1. Clothing matching the description provided by Jane Doe regarding what Defendant wore that day.
2. Searching for ammunition to corroborate Garcia used a firearm.